```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| GARY D. BOSCO,<br><br>          Plaintiff,<br><br>     v.<br><br>C.F.G. HEALTH SYSTEMS, LLC; et al.,<br><br>          Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 04-CV-3517<br>            (JEI)<br><br>**OPINION** |

**APPEARANCES:**

GALLERMAN, TABAKIN & SOBEL
By: Jonathan J. Sobel, Esquire
1103 Laurel Oak Road, Suite 111
Voorhees, NJ 08043
     Counsel for Plaintiff

DECKER & MAGAW
By: Thomas J. Decker, Esquire
507 Westfield Avenue
Westfield, NJ 07090
     Counsel for Defendants C.F.G. Health Systems, LLC; Atlantic
     County Justice Facility; Earl Billue; Dr. Colbert; and Dr.
     Ellen

**IRENAS**, Senior District Judge:

   Plaintiff Gary D. Bosco seeks recovery under 42 U.S.C. § 1983 for violation of his right to receive medical care for his pre-existing heart condition while confined in the Atlantic County Justice Facility.[1]  This matter comes before the Court upon the Motion for Summary Judgment of Defendants C.F.G. Health

---

   [1] This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

Systems, LLC; Atlantic County Justice Facility ("ACJF"); Earl Billue; Dr. Colbert; and Dr. Ellen.[2]  For the reasons discussed herein the Motion for Summary Judgment will be denied.

## I.

Plaintiff Gary Bosco was initially incarcerated before trial in November 2003.  (Pl. Br. at 5).  While detained, ACJF officials sent Plaintiff to the Atlantic City Medical Center to evaluate his pre-existing heart condition.  (Id.); (Def. Br. Ex. B).  Plaintiff spent three days in the hospital until his release on bail.  (Pl. Br. at 5).  Plaintiff's heart condition persisted after his release, but he did not have the surgery he required due to lack of financial resources.  (Def. Br. Ex. A).

On May 11, 2004, Plaintiff was sentenced and placed in the ACJF to serve his jail term.  (Pl. Br. at 6).  Upon arriving at ACJF, Plaintiff informed C.F.G. Health Systems employees that he had heart problems including angina, two previous angioplasties and a coronary stent.  (Def. Br. Ex. E).  Plaintiff also informed prison officials that he needed his prescription heart medication immediately.[3]  (Def. Br. Ex. A).  The moving Defendants do not

---

[2] For reasons not apparent at present, the two other Defendants to this action, Gary Merline, Warden of Atlantic County Justice Facility and Dr. Hnkuma, have not moved for summary judgment, although they have been served with process.

[3] The record indicates that Plaintiff's "routine medications" included Keflex, Lopressor, Isordil, and Zocor, among other drugs. (Def. Br. Ex. D)

dispute that he was not provided with his daily medication until six days later. (Def. Br. at 6). As a result of this alleged reckless indifference to Plaintiff's medical needs, Plaintiff asserts that he suffered "further damage to [his] arteries, physical pain, [and] stress." (Def. Br. Ex. B, Pl's Answers to Interrogatories).

Plaintiff filed a *pro se* Complaint[4] in this Court on July 26, 2004, and was subsequently released from prison on August 30, 2004. The Complaint alleges that Defendants violated Plaintiff's Eighth Amendment rights.[5] The moving Defendants seek summary judgment pursuant to Fed. R. Civ. P. 56.

**II.**

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.

---

[4] Magistrate Judge Rosen subsequently granted Plaintiff's Motion to Appoint Pro Bono Counsel. Mr. Jonathon Sobel, Esq. began his representation of Plaintiff in April, 2005.

[5] The Eighth Amendment states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

3

*Id*.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  *Id*.

In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the nonmoving party by extending any reasonable favorable inference to that party.  "[T]he nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'"  *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (quoting *Anderson*, 477 U.S. at 255).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson*, 477 U.S. at 250.

The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "[T]he burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case."  *Celotex*, 477 U.S. at 325.

The nonmoving party "may not rest upon the mere allegations or denials of" its pleading in order to show the existence of a genuine issue.  Fed. R. Civ. P. 56(e).  Plaintiff must do more than rely only "upon bare assertions, conclusory allegations or suspicions."  *Gans v. Mundy*, 762 F.2d 38, 341 (3d Cir. 1985).

4

Thus, if the plaintiff's evidence is a mere scintilla or is "not significantly probative," the court may grant summary judgment. *Anderson*, 477 U.S. at 249-50.

### III.

The gravamen of Plaintiff's civil rights claim is that Defendants violated his Eighth Amendment rights by ignoring his heart condition and delaying his medication.  The moving Defendants' sole argument in support of their Motion for Summary Judgment is that the record does not sufficiently establish a violation of Plaintiff's constitutional rights.

In order to successfully prove an Eighth Amendment violation, a prisoner must show that he was subjected to "cruel and unusual punishment."  It is well-settled that those actions which are "incompatible with the evolving standards of decency" or impose "unnecessary and wanton infliction of pain" violate the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted); *see also Gregg v. Georgia*, 428 U.S. 153 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994).  In *Estelle*, the Supreme Court interpreted this broad standard to mean that prison officials can be held liable upon a showing of "deliberate indifference to serious medical needs of prisoners."  429 U.S. at 104.

The Supreme Court has also developed a two-prong test of subjective and objective components to assist in analyzing the

5

presence of deliberate indifference toward prisoners' medical conditions.  The objective component mandates that "only those deprivations denying 'the minimal civilized measure of life's necessities' . . . are sufficiently grave to form the basis of an Eighth Amendment violation."  *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346).  This component requires that the deprivation sustained by an inmate be sufficiently serious, for only "extreme deprivations" violate the Eighth Amendment.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

Under the subjective component, an inmate must prove that a prison official acted with deliberate indifference "to a substantial risk of serious harm."  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  A prison official acts with deliberate indifference if "the official knows of and disregards an excessive risk to inmate health or safety."  *Id*. at 837.  Thus, a prison official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id*.  In other words, deliberate indifference can be demonstrated where "knowledge of the need for medical care is accompanied by the intentional refusal to provide that care, or where short of absolute denial, necessary medical treatment is delayed for non-medical reasons," as well as denial of "reasonable requests for medical treatment."  *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993) (quoting *Monmouth County v. Lanzaro*, 834 F.2d 326 (3d

6

Cir. 1987)); *see also Lanzaro*, 834 F.2d at 346 (stating that deliberate indifference can be shown where prison officials impose "interminable delays and outright denial of medical care to suffering inmates").

Additionally, Plaintiff must establish either that he suffered an injury as a result of the alleged deliberate indifference or that existing conditions of confinement created a serious health hazard which put him at an unreasonable increased risk of serious damage to his health in the near future. *See Helling,* 509 U.S. at 33-36.[6]

Upon review of Plaintiff's claim, and giving him the benefit of all reasonable factual inferences, it is possible that a reasonable jury could conclude that the prison officials acted with deliberate indifference to his medical needs when they failed to provide him with his medication. Plaintiff has shown that he has a lasting heart condition. In addition, Plaintiff has adduced evidence that ACJF officials knew of this condition. Not only did Plaintiff inform the prison officials of his medical needs, but they were previously aware of his heart condition

---

[6] The Third Circuit has suggested that a constitutional deprivation alone, without actual injury, may be sufficient to succeed on an Eighth Amendment claim. *See Atkinson v. Taylor*, 316 F.3d 257, 265 n.6 (3d Cir. 2003) ("Where a constitutional deprivation has not caused actual injury, an award of nominal damages may be appropriate.")(quoting *Pryer v. C.O.*, 251 F.3d 448, 453 (3d Cir. 2001). However, because the Court holds that Plaintiff has put forth sufficient evidence to raise an issue of triable fact as to whether he suffered an actual injury, the Court need not address the issue.

7

because he was a pre-trial detainee in the same facility.

It is uncontested that Plaintiff did not receive his medication for the first six days that he was incarcerated. The question of whether that delay amounted to a deliberate indifference shall be left to a jury. The Third Circuit faced a similar situation in *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583-84 (3d Cir. 2002). The plaintiff in *Natale* was an insulin-dependent diabetic. 318 F.3d at 578. Like Plaintiff, the detainee was taken to a local hospital for medical treatment prior to incarceration. *Id*. The treating physician wrote a note indicating that the detainee would need dosages of insulin while incarcerated. *Id*. In addition, the detainee notified the Prison Health Services employees of his insulin dependency. *Id*. Nonetheless, the detainee did not receive his first dosage until 21 hours after he had been admitted to the facility. *Id*. As a result, he suffered a stroke later that day. *Id*. The Court found that "[s]ufficient evidence exist[ed] on the record that [the prison officials] were deliberately indifferent to Natale's serious medical needs to survive a summary judgment motion." *Natale*, 318 F.3d at 582.

The facts of the instant case are similar to *Natale* and require the same ruling. On the present record, a reasonable jury could conclude that the prison officials knew of Plaintiff's heart condition, delayed his medication for non-medical reasons, and that as a result, he suffered "further damage to [his]

8

arteries, physical pain, [and] stress." (Def. Br. Ex. B, Pl's Answers to Interrogatories).

A reasonable jury could also find that Plaintiff's on-going heart condition is a "serious medical need." A medical need is serious if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a law person would easily recognize the necessity of a doctor's attention." *Id.* at 347. The several medical request forms Plaintiff has submitted documenting his condition and the pain he endured, (see Def. Br. Ex. G), considered along with the facts that Plaintiff's heart condition required daily doses of prescription medications and possibly surgery, sufficiently supports the conclusion that Plaintiff had a serious medical need. Therefore, Plaintiff has satisfied his burden to defeat Defendants' summary judgment motion.[7]

---

[7] As noted above, the moving Defendants only assert that no constitutional violation occurred. They do not address qualified immunity or municipal liability. In any event, material issues of fact preclude summary judgment on those issues at this time. Because the Court holds that issues of material fact exist as to whether Defendants were deliberately indifferent to Plaintiff's medical needs, issues of fact also exist as to whether a reasonable official could not believe his actions comported with clearly established law. *See Meyers v. Majkic*, No. 04-3883, 2006 U.S. App. LEXIS 18502 at *6-7 (3d Cir. July, 24, 2006). Also, a reasonable fact finder could conclude on this record that a policymaker's "failure to affirmatively act at all" constituted deliberate indifference sufficient to establish municipal liability. *See Sampson v. Berks County Prison,* 171 F. App'x 382, 385-86 (3d Cir. 2006)(citing *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 418 (1997)).

9

**IV**.

For the above stated reasons, the Motion for Summary Judgment will be denied.  The Court will issue an appropriate order.


Date:  October 25, 2006


                                      s/ Joseph E. Irenas
                                      Joseph E. Irenas, S.U.S.D.J.