UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY D. BOSCO,<br><br>          Plaintiff,<br><br>     v.<br><br>C.F.G. HEALTH SYSTEMS, LLC; et<br>al.,<br><br>          Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 04-CV-3517<br>(JEI)<br><br>**OPINION** |

**APPEARANCES:**

GALLERMAN, TABAKIN & SOBEL
By: Jonathan J. Sobel, Esquire
1103 Laurel Oak Road, Suite 111
Voorhees, NJ 08043
     Counsel for Plaintiff

DECKER & MAGAW
By: Thomas J. Decker, Esquire
507 Westfield Avenue
Westfield, NJ 07090
     Counsel for Defendants C.F.G. Health Systems, LLC; Atlantic
     County Justice Facility; Gary Merline; Earl Billue; Dr.
     Colbert; and Dr. Ellen

**IRENAS**, Senior District Judge:

     C.F.G. Health Systems, LLC, Atlantic County Justice

Facility, Gary Merline, Earl Billue, Dr. Colbert, and Dr. Ellen

(collectively "Defendants") move for reconsideration of this

Court's Opinion and Order, dated October 25, 2006, denying their

motion for summary judgment.  The motion is premised upon: (1)

this Court's alleged oversight of Plaintiff's failure to retain

1

an expert witness as is purportedly necessary to state a claim; and (2) the theory of judicial estoppel arising out of Plaintiff's failure to notify the bankruptcy court of this action, which was filed during the pendency of Plaintiff's Chapter 13 proceedings.[1]  Based upon the forgoing reasons, Defendants' motion will be denied.

## I.

A decision "may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also* L. Civ. R. 7.1(I).

"To succeed on a motion for reconsideration, a petitioner must present 'something new or something overlooked by the court in rendering the earlier decision.'"  *Hernandez v. Beeler*, 129

---

[1] Defendants' motion is timely under L. Civ. R. 7.1(i), which provides that "a motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge[.]"  The Order from which Defendants seek relief is dated October 25, 2006.  The motion for reconsideration was filed November 8, 2006.  Because one day between these dates was a legal holiday, and thus not counted for purposes of this calculation, Defendants' motion is timely.

F. Supp. 2d 698, 701 (D.N.J. 2001)(quoting *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995)).  "The petitioner should show 'more than a disagreement' with the decision he would like reconsidered." *Id.* (quoting *Anders v. FPA Corp.*, 164 F.R.D. 383, 387 (D.N.J. 1995)); *see also Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

## II.

In the Complaint, Plaintiff alleges that his Eighth Amendment rights were violated as a result of Defendants' ignoring his heart condition and delaying his medication.  This Court held that a reasonable jury could conclude that Defendants were deliberately indifferent toward his medical conditions. Defendants argue that Plaintiff failed to present the requisite expert opinion as to the seriousness of his illness and, thus, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

As to the severity of Plaintiff's illness, this Court found that Plaintiff established that his heart condition was a "serious medical need."  It expressly relied upon "the several medical request forms Plaintiff [] submitted documenting his condition and the pain he endured . . . along with the facts that Plaintiff's heart condition required daily doses of prescription medications and possibly surgery." (Opinion, p.9).  Because

3

there has been no intervening change in controlling law, and no claim that new evidence about Plaintiff's illness was discovered after the Opinion was filed, Defendants' motion can only succeed if they demonstrate the need to correct a clear error of law or prevent a manifest injustice.  *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

Defendants rely upon *Boring v. Kozakiewicz,* 833 F.2d 468, 473 (3d Cir. 1987), in which the Third Circuit affirmed the district court's ruling that because plaintiff did not offer an expert opinion to prove the seriousness of his injuries, he failed to meet his burden of proving deliberate indifference. *Boring* is distinguishable.  Boring's alleged medical condition consisted of: a nerve injury for which a doctor concluded that any surgery would be elective; scaling of his scalp which was deemed an "little more than an annoyance;" temporary filings in his teeth; a knee condition which qualified only for elective surgery; migraine headaches; and the need for a "temporary special diet." *Boring,* 833 F.2d at 473.  The court held that a lay person could not determine whether these alleged injuries were sufficiently "serious."

Here, the injuries about which Plaintiff complained were clearly serious - Plaintiff's heart condition required that he take numerous prescription medications daily, and caused chest tightening, swelling of the legs, and shortness of breath, among

4

other symptoms.  The lack of expert testimony confirming the
severity of Plaintiff's medical need is not detrimental to his
case.  The Court committed no error of law or manifest injustice
when ruling that Plaintiff's condition was serious and allowing
the case to proceed to a jury.

## III.

Defendants also move for reconsideration based upon
"recently discovered" evidence that Plaintiff failed to disclose
the existence of this action during the pendency of his Chapter
13 bankruptcy proceedings.  The facts are as follows.  On January
22, 2001, Plaintiff filed a voluntary Chapter 13 petition in
Bankruptcy Court.  (Pl. Ex. A, p. 1).  Confirmation was
originally scheduled for June 13, 2001, was continued to July 25,
2001, and then moved to September 12, 2001.  (Pl. Ex. A).  On
September 12, 2001, the plan was confirmed at $382.00 per month
for fifty-three (53) months.  (Pl. Ex. A, p. 6).  Plaintiff's
cause of action accrued, at the earliest, on May 11, 2004, the
day Plaintiff was incarcerated.  On June 22, 2004, Plaintiff
"paid Trustee $29,993.16 which represents payment in full of Ch.
13 Plan." (Pl. Ex. A, p. 14).  On July 26, 2004, Plaintiff
commenced this action in this Court.  Plaintiff was discharged
from bankruptcy on December 27, 2005, and a final decree closing
the bankruptcy case was entered on January 19, 2006.  (Id.).

In order to prove that the evidence was newly discovered for purposes of a motion for reconsideration, Defendants must show that "through the exercise of due diligence, the evidence was not and could not have been discovered in time to produce it for trial." *Hewlett-Packard Fin. Servs. v. Metairie House of Printing, Inc.*, 2005 U.S. Dist. LEXIS 33464 (D.N.J. 2005)(evidence not newly discovered when it would have been available "well before the action commenced," movant submitted no affidavits or other proof to indicate that they used due diligence to find the documents or that they could not have previously discovered them)(citing *Compass Tech. v. Tseng Lab.*, 71 F.3d 1125, 1130 (3d Cir. 1995)).  Defendants have not met their burden.  They offer no evidence or explanation to support their assertion that they recently discovered that Plaintiff failed to notify the Bankruptcy Court of this action.  Likewise, Defendants fail to provide any reason why this fact was not discovered prior to their motion for summary judgment.  The bald assertion that they "recently discovered" records relating to Plaintiff's bankruptcy proceeding is insufficient to meet the standard for a motion for reconsideration based upon newly discovered evidence.

Because Defendants cannot show the evidence was newly discovered, and there has been no intervening change in the law or allegation of a clear legal error, Defendants must rely upon

the theory the that the court must vacate its previous decision and dismiss the Complaint in order to prevent a manifest injustice.  *See North River Ins Co.,* 52 F.3d at 1218.  To this end, Defendants contend that the Complaint should be dismissed under the doctrine of judicial estoppel.

Judicial estoppel is a tool designed to protect the Court from parties who seeks to gain advantage by "litigating on one theory and then subsequently seeking additional advantage by pursuing an irreconcilably inconsistent theory."  *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.,* 81 F.3d 355, 358 (3d Cir. 1996).  It is an "'extraordinary remedy to be invoked when a party's inconsistent behavior will otherwise result in a miscarriage of justice.'"  *Id.* at 365 (quoting *Oneida Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414, 424 (3d Cir, 1988)).  The Third Circuit requires a movant arguing for the application of judicial estoppel to show: (1) the party to be estopped took two irreconcilably inconsistent positions; (2) the change of position was done in bad faith, in order to play fast and loose with the court; and (3) the sanction of estoppel is "tailored to address the harm" and cannot be remedied by a lesser sanction.  *Montrose Medical Group Participating Saving Plan v. Bulger,* 243 F.3d 773, 779-80 (3d Cir. 2001)(quoting *Klein v. Stahl GMBH & Co. Maschinefabrik*, 185 F.3d 98, 108 (3d Cir. 1999)).

As to prong one, "[j]udicial estoppel is only appropriate when the inconsistent positions are 'tantamount to a knowing misrepresentation to or even fraud on the court' . . . the doctrine is to be used sparingly and reserved for the most egregious case." *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. GMC*, 337 F.3d 314, 324 (3d Cir. 2003) (citation omitted), *cert. denied,* 541 U.S. 1043 (2004); *Ryan Operations G.P.*, 81 F.3d at 358 ("[t]he basic principle of judicial estoppel . . . is that absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory").

Here, the inconsistency stems from Plaintiff's failure to disclose this action in his bankruptcy proceeding.  In a Chapter 13 proceeding, the debtor must disclose contingent causes of action. *See* 11 U.S.C. §§ 1306(a), 541(a); *Byrd v. Jrc Towne Lake*, 225 Ga. App. 506 (Ga. Ct. App. 1997)("A Chapter 13 debtor's interest in a cause of action, including an unliquidated tort claim, is personal property included as part of the bankrupt estate").  The duty to disclose is an obligation that continues throughout the course of a Chapter 13 proceeding.  *See Superior Crewboats, Inc. v. Primary P & I Underwriters (In re Superior Crewboats, Inc.),* 374 F.3d 330 (5th Cir. 2004);  *Donato v. Metropolitan Life Ins. Co.,* 230 B.R. 418, 421 (N.D. Cal. 1999)("If the debtor is not knowledgeable of all the facts giving

rise to a civil action before the filing of his or her petition and financial schedules, the debtor must amend those schedules when he or she becomes aware of the existence of the action because it is an asset of the bankruptcy estate.").

Even if Plaintiff were obligated to modify the bankruptcy plan during the course of the proceedings, his failure to do so is not detrimental to this action. The Third Circuit has held that a party's failure to disclose a potential claim to the bankruptcy court is not a *per se* inconsistency, but rather is a factual determination. *See Oneida,* 848 F.2d at 417 (holding plaintiff's position was inconsistent because plaintiff failed to disclose a potential claim for $7.7 million as an asset, and simultaneously claimed the corresponding $7.7 million debt as a liability). Even if the non-disclosure is deemed an inconsistency, "[a]sserting inconsistent positions does not trigger the application of judicial estoppel unless 'intentional self-contradiction is . . . used as a means of obtaining unfair advantage.'" *Ryan Operations G.P.*, 81 F.3d at 362 (quoting *Scarano v. Central R. Co.*, 203 F.2d 510, 513 (3d Cir. 1953))(refusing to apply judicial estoppel despite plaintiff's failure to disclose a claim in bankruptcy court). "Thus, the doctrine of judicial estoppel does not apply 'when the prior position was taken because of a good faith mistake rather than as part of a scheme to mislead the court.'" *Id.* (quoting

9

*Konstantinidis v. Chen*, 626 F.2d 933, 939 (D.C. Cir. 1980)).  *See also Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 211 (5th Cir. 1999).

Here, Defendants point to no evidence of bad faith outside of the fact that Plaintiff failed to disclose this case in the bankruptcy proceeding.  Plaintiff, likewise, offers no explanation for his actions.  Assuming that Plaintiff had a duty to disclose this action, the circumstances surrounding the non-disclosure do not warrant the imposition of judicial estoppel.  Plaintiff filed for bankruptcy over three years before he brought the instant action.  He paid the majority, if not all of his debts owed in bankruptcy before this cause of action accrued.  When he filed this action, he was *pro se*.  He was also incarcerated, and presumably did not have regular access to his bankruptcy attorney.  Additionally, this cause of action is not related to Plaintiff's bankruptcy, and there is no reason to suspect that his filing for bankruptcy and subsequent failure to disclose this action was an attempt to manipulate the judicial system.  *Contra Oneida Motor Freight, Inc.,* 848 F.2d at 419-20 (applying judicial estoppel and finding the actions related).

Lastly, Defendants have not shown that the sanction of estoppel is tailored to address the harm.  There is no need to invoke the extreme doctrine of judicial estoppel and deny Plaintiff of his cause of action.

**IV.**

Accordingly, Defendants' motion for reconsideration will be denied.  This Court will issue an appropriate order.


Dated:  June  19<u>th</u> , 2007

s/Joseph E. Irenas
**Joseph E. Irenas, S.U.S.D.J.**

11